UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON CRUSE,

    Plaintiff,

                                                   Case No. 20-11632

v.                                               Hon. Thomas L. Ludington

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

**I.**

Jason Cruse, who is presently confined at the Bellamy Creek Correctional Facility, has filed a pro se civil rights complaint. He has identified fourteen defendants, all of whom are employed by the Michigan Department of Corrections. For the reasons stated below, the complaint will be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim with respect to all of the defendants with the exception of Defendant Charles O. Ozukwe and Inspector Unknown Tanner. The case will proceed against these two Defendants on Plaintiff's Eighth Amendment failure-to-protect claim.

**II.**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.

The complaint names fourteen Defendants: (1) Michigan Department of Corrections (MDOC), (2) JCF Classification Director Charles O. Ozukwe, (3) ARF Assistant Deputy Warden B. Evers, (4) ARF Inspector Unknown Tanner, (5) ARF Resident Unit Manager D. Martin, (6) ARF SCC (Security Classification Committee) member John Rodriguez, (7) ARF Classification Director David Messer, (8) SRF Warden T. Winn, (9) SRF Assistant Deputy Warden T. McLean, (10) SRF Assistant Deputy Warden T. Massich, (11) SRF Resident Unit Manager Unknown Zummer, (12) SRF Assistant Resident Unit Supervisor Unknown Morgan, (13) SRF Prison Counselor Unknown Szostak, and (14) SRF Deputy Warden William Foy. ECF No.1 at PageID.2-4.

Plaintiff claims that from 2009 to 2015, while a prisoner with the MDOC, he was repeatedly threatened and assaulted by members of the Strategic Threat Group ("STG") gang. ECF No. 1 at PageID. 5-6. During this period Plaintiff was transferred between several facilities, placed in protective custody, and he was ultimately paroled from prison in 2015. *Id.* Plaintiff asserts that the extensive history of threats and assaults during this period of incarceration put the MDOC on notice regarding the threat of harm posed by the prison gang to Plaintiff. *Id.*

On May 8, 2018, Plaintiff was reincarcerated. *Id.* He was initially sent to the Jackson Correctional Facility (JCF) for a determination of his security classification. *Id.* On May 15, 2018, Plaintiff met with Defendant Ozukwe for that purpose. *Id.* Plaintiff informed Ozukwe about his previous history of being assaulted by members of a prison gang and asked Ozukwe for protection. *Id.* Ozukwe said that he would "look into it." *Id.* Plaintiff states that he was thereafter assigned to

the Gus Harrison Correctional Facility (ARF), but he discovered that Ozukwe never investigated his claims that he was in danger of assault by members of a prison gang, and therefore he took no actions to protect him. *Id.*

Plaintiff states that in June or July of 2018 he was assaulted by two gang members at ARF. *Id.* He asked for protection from two John Doe corrections officers, but he was not placed in protective custody. *Id.* On August 20, 2018, Plaintiff states that he was again assaulted by two prison gang members at ARF. *Id.* Plaintiff was then placed in temporary segregation. *Id.*

Plaintiff asserts that he then met with Defendants Evers, Martin, Rodriquez, and Messer at ARF, and he requested to be placed in protective custody. *Id.* He was told to meet with Defendant Inspector Tanner regarding this request. *Id.* A week later, Plaintiff met with Tanner, who told Plaintiff that he would help Plaintiff only if Plaintiff helped him. *Id.* Plaintiff asserts that he provided Tanner "everything [he] could," but Tanner failed to "put the paperwork in" for his protective custody. *Id.* Plaintiff states that instead, on August 30, 2018, he was transferred to the Saginaw Correctional Facility (SRF), which does not have a protective custody unit. *Id.* On December 7, 2018, he was assaulted at SRF by a prison gang member. *Id.*

Plaintiff states that he requested protective custody from Defendants McLean, Massick, Zummer, Morgan, Szostak, and Winn at SRF. *Id.* On December 10, 2018, Plaintiff was moved from temporary segregation to a security level 4 unit at SRF under top lock conditions. *Id.* On December 13, 2018, Plaintiff was transferred to Brooks Correctional Facility (LRF). *Id.* On April 19, 2019, Plaintiff was informed by corrections officers that they had received verified threats that the prison gang in question had issued a "shoot on site" hit order against him. *Id.* Plaintiff was escorted by several officers to the segregation unit. *Id.* On April 29, 2019, Plaintiff was transferred to the Oaks Correctional Facility (ECF) protective custody unit. *Id.*

**IV.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Plaintiff claims that Defendants failed to protect him from being assaulted by prison gang members by failing to place him in protective custody despite his known history of assaults and threats. Prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 832–34 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result,

prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, the plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that "(1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk." *Richko*, 819 F.3d at 915 (internal quotes and citations omitted).

With respect to Defendants Ozukwe and Tanner, reading the complaint indulgently, Plaintiff has stated a failure to protect claim. First, the objective component has been adequately pled. Plaintiff alleges facts indicating that a particular prison gang threatened him with assault, and they, in fact, made good on their threats on several occasions. ECF No. 1 at PageID.5. As for the subjective component of the test, Plaintiff asserts that he informed these two Defendants of the threats and assaults. *Id.* at PageID.5-6. He alleges he told Ozukwe about the danger during his initial classification meeting upon reentry into the MDOC and he told Tanner about the threats when he was told to meet with him following the 2018 assaults at ARF. *Id.* Plaintiff likewise asserts that these two Defendants were aware of the substantial risk, as they both informed Plaintiff that they would take actions to address his concerns. *Id.* Finally, Plaintiff asserts facts that both these Defendants disregarded the substantial risk to Plaintiff's safety. He asserts the Ozukwe failed to conduct the investigation he said he would, resulting in Plaintiff's initial placement at ARF. *Id.*

Plaintiff likewise asserts that Tanner failed to file the paperwork to place Plaintiff in protective custody following the ARF assaults. *Id.* Instead he was transferred to SRF, which did not have a protective custody unit. The complaint against Defendants Ozukwe and Tanner may proceed.

The same analysis, however, does not apply to the other individually named Defendants. With respect to Defendants Evers, Martin, Rodriquez, and Messer, Plaintiff does not allege any facts indicating that they disregarded the substantial risk of harm to Plaintiff. Rather, Plaintiff indicates that after they met with Plaintiff at ARF following the assaults there, they directed Plaintiff to meet with Inspector Tanner regarding the issue, and it was Tanner who failed to file the paperwork for protective custody. *Id.* In other words, Plaintiff does not allege facts suggesting that these Defendants disregarded the risk, but they referred the matter to Tanner, who Plaintiff asserts had the authority to file the paperwork for protective custody.

Similarly, Plaintiff does not assert facts indicating that Defendants Winn, McLean, Massich, Zimmer, Morgan, or Szostak disregarded the risk to Plaintiff. Plaintiff asserts that following the December 2018 assault at SRF, he was immediately placed in temporary segregation and then transferred to another facility that had a protective custody unit. *Id.* "Responding to a risk to an inmate by referring the matter for further investigation or taking other appropriate administrative action may in some cases fulfill an official's protective duties under the Eighth Amendment." *Bishop v. Hackel*, 636 F.3d 757, 769-770 (6th Cir. 2011). Plaintiff simply does not allege facts that any of the Defendants besides Ozukwe or Tanner disregarded the threats made by prison gang members. Therefore, the complaint fails to assert a claim against them.

Finally, Plaintiff makes no factual allegations in the complaint against Defendant Foy, so the complaint will be dismissed against him. The Michigan Department of Corrections itself is not a proper party Defendant to this lawsuit. See *Parker v. Michigan Dept. of Corrections*, 65 F. App'x

922, 923 (6th Cir. 2003) ("the [Michigan Department of Corrections] is not a 'person' within the meaning of 42 U.S.C. § 1983"); *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x 350, 355-356 (6th Cir. 2006). To the extent Plaintiff is suing the Defendants in their official capacity, the complaint is likewise subject to summary dismissal. *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989).

**V.**

Accordingly, it is **ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim against: (1) Michigan Department of Corrections (MDOC), (3) ARF Assistant Deputy Warden B. Evers, (5) ARF Resident Unit Manager D. Martin, (6) ARF SCC (Security Classification Committee) member John Rodriguez, (7) ARF Classification Director David Messer, (8) SRF Warden T. Winn, (9) SRF Assistant Deputy Warden T. McLean, (10) SRF Assistant Deputy Warden T. Massich, (11) SRF Resident Unit Manager Unknown Zummer, (12) SRF Assistant Resident Unit Supervisor Unknown Morgan, (13) SRF Prison Counselor Unknown Szostak, and (14) SRF Deputy Warden William Foy.

It is further **ORDERED** that the case may proceed on Plaintiff's failure to protect claim against Defendants: (2) JCF Classification Director Charles O. Ozukwe, and (4) ARF Inspector Unknown Tanner.

Dated: July 10, 2020          s/Thomas L. Ludington
                      THOMAS L. LUDINGTON
                      United States District Judge

-8-

> **PROOF OF SERVICE**
>
> The undersigned certifies that a copy of the foregoing order was served upon **Jason Cruse #**458762, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 WEST BLUEWATER HIGHWAY, IONIA, MI 48846 by first class U.S. mail on July 10, 2020.
>
>                                       s/Kelly Winslow
>                                       KELLY WINSLOW, Case Manager