UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON CRUSE,

      Plaintiff,

v.

CHARLES O. OZUKWE and
JEFFREY TANNER,

      Defendants.
_____/

Case No. 1:20-cv-11632
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

**<u>REPORT AND RECOMMENDATION
TO GRANT DEFENDANT JEFFREY TANNER'S MOTION FOR
SUMMARY JUDGMENT (ECF No. 17)</u>**

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Jason Cruse, proceeding *pro se*, is suing defendants Charles O. Ozukwe[1] and Jeffrey Tanner. Cruse alleges that he informed Ozukwe and Tanner of threats to his life

---

[1] It is not clear whether Ozukwe, who counsel for the Michigan Department of Corrections (MDOC) has identified as a Classification Coordinator, is currently employed by the MDOC. The MDOC entered a limited appearance on behalf of Ozukwe for purposes of mediation and has not entered an appearance after the case was excluded from mediation. A summons for Ozukwe was returned unexecuted. *See* ECF No. 21. The undersigned will separately enter an order to show cause for failure to timely serve Ozukwe.

1

and that they failed to protect him from an assault. *See* ECF No. 1. Cruse is currently on parole.

Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 13). Before the Court is Tanner's motion for summary judgment on the grounds that Cruse failed to exhaust his administrative remedies before filing suit. *See* ECF No. 13. For the reasons that follow, the undersigned recommends that Tanner's motion be GRANTED.

## II. Background

Cruse alleges that Tanner, who the MDOC says is Acting-Assistant Deputy Warden, failed to protect him from being assaulted when Tanner failed to submit paperwork for Cruse to receive protective custody. (ECF No. 1, PageID.6). Cruse was later transferred to a correctional facility where protective custody was unavailable. (*Id*.). Cruse was assaulted at that facility. (*Id*.)

Cruse filed a Step I grievance against Tanner and others on March 10, 2019, indicating that that the date of the incident was August 20, 2018. (ECF No. 17-3, PageID.80). The MDOC rejected his grievance as untimely. (*Id*., PageID.81). This determination was upheld at Step II and Step III. (*Id*., PageID.77, 79). Cruse then filed this lawsuit.

## III. Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Cruse is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir.

2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.' " *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).

IV. Analysis

A. Cruse's Failure to Respond

Tanner filed his motion for summary judgment on December 21, 2020. (ECF No. 17). On January 25, 2021, the Court ordered Cruse to respond to the motion by February 25, 2021. (ECF No. 20). To date, Cruse has not responded. The Order specifically stated that a failure to respond would "lead the court to consider Tanner's motion without a response and may result in the dismissal of Cruse's claims against Tanner." (ECF No. 18, PageID.111). Thus, Tanner's motion is unopposed.

However, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 Fed. Appx. 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-81 (6th Cir.

4

2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991))). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

B. Tanner's Motion

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and

produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015). Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

In the MDOC, a prisoner must attempt to informally resolve the problem with the allegedly offending staff within two business days of becoming aware of the grievable issue. MDOC Policy Directive 03.02.130, ¶ Q (effective July 9, 2007). A Step I grievance addressing any unresolved issues must be filed within five days of that informal effort. *Id*.

Here, the MDOC rejected as untimely Cruse's grievance against Tanner, filed more than six months after the incident. (ECF No. 17-3, PageID.80). As Cruse's grievance was untimely, he failed to properly exhaust the administrative remedies. *See Sawaya v. Briske*, 2020 WL 5995681, at *2 (W.D. Mich. Sept. 8, 2020) (With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules.") (quoting *Woodford*, 548 U.S. at 90-93). Cruse has thus failed to properly exhaust his administrative remedies and his claims against Tanner should be dismissed. *See Woodford*, 548 U.S. at 83.

## V. Conclusion

For the reasons stated above, the undersigned recommends that Tanner's motion be GRANTED and Tanner be dismissed without prejudice.

Dated: April 20, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2021.

s/Marie E. Verlinde
MARIE E. VERLINDE
Case Manager

9