UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON CRUSE,

    Plaintiff,

v.

CHARLES O. OZUKWE and
JEFFREY TANNER,

    Defendants.
_____/

Case No. 1:20-cv-11632
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANT CHARLES O. OZUKWE WITHOUT PREJUDICE

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Jason Cruse, proceeding *pro se*, is suing defendants Charles O. Ozukwe and Jeffrey Tanner. Cruse alleges that he informed Ozukwe and Tanner of threats to his life and that they failed to protect him. *See* ECF No. 1. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 13).

As will be explained, Ozukwe is the sole remaining defendant. For the reasons that follow, the undersigned recommends that Ozukwe be dismissed

1

without prejudice for a failure of timely service and failure to provide the Court with a valid address for this defendant.

## II. Background

This case was transferred from the Western District of Michigan to the Eastern District of Michigan on June 22, 2020. (ECF No. 2). In his complaint, Cruse named fourteen defendants, including Ozukwe. *See* ECF No. 1. On July 10, 2020, the Court issued an opinion and order of partial summary dismissal wherein it dismissed all defendants except Ozukwe and Tanner.[1] (ECF No. 5, PageID.6).

On October 22, 2020, the United States Marshal acknowledged receipt of the service of process documents for Ozukwe and Tanner. (ECF No. 14). The waiver of service was returned executed regarding Tanner. (ECF No. 18). However, on January 27, 2021, the waiver of service was returned unexecuted regarding Ozukwe. (ECF No. 21).

Since the waiver of service was returned unexecuted, Cruse has made no effort to provide a different address for Ozukwe to the Court. Accordingly, on April 20, 2021, the Court entered an order for Cruse to show cause directing Cruse to provide an address for Ozukwe so that the United States Marshal could serve the

---

[1] Tanner filed a motion for summary judgment (ECF No. 17), which was the subject of a report and recommendation submitted by the undersigned on April 20, 2021 (ECF No. 23), recommending that Tanner's motion be granted. The R&R has been adopted. (ECF No. 26).

complaint on him. Cruse was given until May 20, 2021, to respond to the show cause order, however, he failed to file a response despite being warned "that a failure to respond to this Order may result in recommendation that Ozukwe be dismissed without prejudice." *See* ECF No. 24. Cruse has not responded to the show cause order and the time for doing so has passed.

### III. Analysis

Fed. R. Civ. P. 4(m) provides that if a defendant is not timely served, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." As noted above, the undersigned gave Cruse notice, by way of an order to show cause, that Ozukwe was subject to dismissal for failure of service. The undersigned also gave Cruse the opportunity to provide a correct address for service by the United States Marshal.

It is the prisoner-plaintiff's responsibility to properly identify a defendant in the complaint, and to provide a proper address for service. *Herbert v. Roark*, No. 05-74754, 2006 WL 1284695, *1 (E.D. Mich. 2006) (citing *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001) and *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). *See also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (prison inmate bears the responsibility for providing defendants' proper addresses for Marshal's service). "Courts have upheld the dismissal of a *pro se*

3

prisoner's civil rights complaint, where the plaintiff failed to provide the district court with the names and addresses of all of the defendants that the plaintiff was filing suit against." *Herbert*, at *1 (citing *Jaakola v. Snyder*, 889 F.2d 1087, 1989 WL 137855, *1 (6th Cir. 1989)).

Cruse has been given the opportunity to provide a correct address for service and has been cautioned that his failure to do so could result in dismissal. He has not responded to the show cause order and has not otherwise provided an address at which service can be effected. Accordingly, Ozukwe should be dismissed without prejudice under Fed. R. Civ. P. 4(m).

## IV. Conclusion

For the reasons stated above, the undersigned recommends that Ozukwe be DISMISSED WITHOUT PREJUDICE. With the dismissal of the sole remaining defendant, the case will be closed.

Dated: June 15, 2021  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2021.

                                                s/Marie E. Verlinde
                                                MARIE E. VERLINDE
                                                Case Manager